IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Antonio Edwards, #294306, | ) C/A No. 0:09-2850-GRA-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Ms. Ogunsile; | ) **RECOMMENDATION** |
| Mr. Medvar; | ) |
| Acc. Warden Claytor; | ) |
| Acc. Warden Flo Mauney; | ) |
| Ms. Cocciolone, | ) |
| Defendants. | ) |

The plaintiff, Jonathan Antonio Edwards, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The "lead" defendant, Ms. Ogunsile, is the Head Case Manager for the Perry Correctional Institution. Defendant Medvar is a classification worker. Defendants Claytor and Mauney are Associate Wardens. Defendant Cocciolone is the Institutional Grievance Coordinator.

The "STATEMENT OF CLAIM" portion of the § 1983 Complaint reveals that this civil rights action arises out of the plaintiff's being assigned to administrative segregation after his six months of punitive segregation expired. The plaintiff was placed in punitive segregation for six months on January 24, 2008, for possession of a weapon. The plaintiff alleges that his "6 months was over on 8-7-08" but that he has been kept in SMU1. The

plaintiff also alleges that the "classification board" made its decision without notice to the plaintiff. The plaintiff filed a grievance on June 5, 2009, but has not received an answer.

In his prayer for relief, the plaintiff seeks various types of relief. Specifically, the plaintiff requests advancement to a Level 2 prison with prison industries minimum wages, a court order that every charge that the plaintiff was convicted of after August 7, 2008, be "Squashed off" his record; return of the plaintiff's good time; reinstatement of canteen, visitation, and telephone privileges; "mental" help; $1000 per day for each day spent in punitive segregation; damages for pain and suffering and "emotional" damage; and punitive damages. The plaintiff also seeks an order of separation from being around "such officers."

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The plaintiff is not entitled to be confined at a prison with a lower security level. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. See Olim v. Wakinekona, 461 U.S. 238 (1983); Ange v. Paderick, 521 F.2d 1066 (4th Cir. 1975); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), affirmed, 887 F.2d 1080 (4th Cir. 1989) (Table). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. Wolff v. McDonnell, 418 U.S. 539, 558-62 (1974). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. Hayes v. Thompson, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases).

South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. See, e.g., Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992), citing Meachum v. Fano, 427 U.S. 215 (1976); see also Vice v. Harvey, 458 F. Supp. 1031, 1034 (D.S.C. 1978). "The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983), modified on other grounds by Sandin v. Conner, 515

*PJG*

U.S. 472 (1995); see also Montanye v. Haymes, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"); Beverati v. Smith, 120 F.3d 500 (4th Cir. 1997) (concluding that although the conditions in administrative segregation were more burdensome than those imposed on the general prison population, they were not atypical and did not implicate a liberty interest); Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995) (stating that "prison officials have a legitimate penological interest in administrative segregation, and they must be given wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security") (internal quotation omitted). As a result, although the plaintiff's six months of punitive segregation expired on August 7, 2008, SCDC officials were not precluded from keeping him in the administrative segregation unit.

Although the plaintiff wants to be at a Level 2 prison, his continued placement at SMU1 at the Perry Correctional Institution has not violated the petitioner's federally guaranteed constitutional rights. See Wolff, 418 U.S. at 558-62; Mann v. Leeke, 73 F.R.D. 264, 265-67 & n. 6 (D.S.C. 1974), affirmed, 551 F.2d 307 (4th Cir. 1977) (Table).

Further, with regard to the plaintiff's requests that his disciplinary convictions be "quashed" and his good time credits restored, there is no indication in the Complaint that the plaintiff appealed his convictions through the SCDC and to the South Carolina Administrative Law Court. Furtick v. S.C. Dep't of Corr., 374 S.C. 334, 649 S.E.2d 35 (2007) (holding that the Administrative Law Court had subject matter jurisdiction over

*PJG*

inmate's appeal because inmate's loss of good-time credits implicated a state-created liberty interest).

Finally, the plaintiff is not entitled to damages for emotional distress or mental anguish, as such damages are precluded by 42 U.S.C. § 1997e(e).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 23, 2009
Columbia, South Carolina

*The plaintiff is directed to the important Notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he/she may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).